UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MCCOY WRIGHT, III, | : | Case No. 1:05-cv-18 |
| Plaintiff, | : | Weber, J. |
| vs. | : | Black, M.J. |
| STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT (Docs. 18, 23, 25) BE GRANTED; (2) PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (Doc. 27, 34) BE DENIED; (3) PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 39) BE DENIED; (4) PLAINTIFF'S MOTION TO VOID THE FORFEITURE (Doc. 41) BE DENIED;  (5) ALL REMAINING MOTIONS (Docs. 30, 43) BE DENIED AS MOOT; AND (6) THIS CASE BE CLOSED**

Plaintiff McCoy Wright, III initiated this civil action by filing a *pro se* complaint on January 10, 2005 against various state and federal authorities, including the State of Ohio, the Hamilton Police Commission, and the Drug Enforcement Administration (collectively "defendants").  (Doc. 1.)  Seeking compensatory damages, plaintiff alleges that defendants violated his property rights and right of due process by depriving him of a sum of money, $38,310.00, which was confiscated during a search of his residence and thereafter ordered, by the Butler County, Ohio, Court of Common Pleas, to be returned to him.  (*Id.*)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The State of Ohio has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 18.) The State of Ohio contends that it is not a "person" subject to suit under 42 U.S.C. § 1983, and that it is otherwise immune from suit for damages pursuant to the Eleventh Amendment. (*Id.*)

The Hamilton Police Commission has filed a motion for summary judgment under Fed. R. Civ. P. 56 on the grounds that: (1) the Hamilton Police Department had no role in any of the acts alleged by plaintiff; (2) the Hamilton Police Commission is not a entity capable of being sued; and (3) plaintiff's claims are barred by the applicable statute of limitations. (Doc. 23.)

The Drug Enforcement Administration ("DEA") has also filed a motion for summary judgment under Fed. R. Civ. P. 56. (Doc. 25.) The DEA contends, first, that there has been no waiver of sovereign immunity to confer this Court with subject matter jurisdiction over plaintiff's claim for monetary relief. (*Id.* at 1-2, 7-9.) The DEA further contends that it is entitled to judgment as a matter of law because: (1) the alleged conduct of the DEA was taken pursuant to federal law, not state law; (2) plaintiff's claims are barred by the statute of limitations; (3) plaintiff received all process that was due; (4) plaintiff is collaterally estopped from challenging a forfeiture of the money because he pled guilty to a federal drug conspiracy charge in which he admitted that the $38,310 constituted proceeds of drug trafficking; and (5) the Butler County Court of Common Pleas lacked *in rem* jurisdiction to order the return the money because the money had already been forfeited to the United States. (*Id.* at 2, 9-16.)

Plaintiff has filed numerous motions seeking miscellaneous relief, including: two motions for entry of default and default judgment against the Middletown Police Department[2] and the DEA (Docs. 27, 34); two motions to compel discovery (Docs. 30, 43); a motion for leave to amend his complaint to add the Middletown Police Department as a defendant (Doc. 39); and a motion to void the forfeiture (Doc. 41).

For the reasons that follow, defendants' motions to dismiss and for summary judgment (Docs. 18, 23, 25) should be granted; plaintiff's motions for leave to amend, for default judgment, to compel discovery, and to void the forfeiture (Docs. 27, 30, 34, 39, 41, 43) should be denied.

**I.     MOTION FOR LEAVE TO AMEND**

On April 6, 2006, plaintiff filed a one-page motion for leave to amend to add the Middletown Police Department "as a necessary party to this cause of action." (Doc. 39.) He provided no further explanation and failed to attach a copy of a proposed amended complaint asserting any claims against the Middletown Police Department.

The Federal Rules of Civil Procedure provide that a motion must "state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). With respect to amended pleadings, the rules further provide that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). "Otherwise a party may amend the

---

[2]   The Middletown Police Department is not named as a defendant in the Complaint and, thus, is not a party to this action.

party's pleading only by leave of court or by written consent of the adverse party." *Id.* To meet the particularity requirements of Rule 7(b), "a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought." *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993).

Plaintiff's motion for leave to amend does not satisfy the particularity requirements of Rule 7(b) and should be denied.

Alternatively, the motion for leave to add the Middletown Police Department should be denied because the amendment would be futile. See *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996).

Plaintiff purports to seek damages under 42 U.S.C. § 1983 based on a search and seizure that took place in November 1998. (*See* Doc. 37-2 at 4.) Amendment would be futile because claims against the Middletown Police Department would be barred by the statute of limitations applicable to § 1983 actions brought in Ohio. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (*en banc*).

## II. MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

On February 21, 2006, plaintiff filed a "Notice and Motion for Default Judgment" against Middletown Police Department and the DEA on the ground that they had failed to answer the allegations in the complaint. (Doc. 28.) On March 28, 2006, plaintiff filed a "Request for [the] Clerk of Court to Enter Default Against Middletown Police

Department." (Doc. 34.) Plaintiff again alleged that the Middletown Police Department had failed to answer the complaint.

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55. The sequence of procedural steps begins with the entry of a default under Fed. R. Civ. P. 55(a) against a party who has failed to plead "or otherwise defend." *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Only then may a judgment by default be entered by the court or, if the defendant has not appeared, by the clerk. *United Coin Meter Co.*, 705 F.2d at 844.

An entry of default or default judgment against Middletown Police Department is not warranted because it does not appear from the record that the Middletown Police Department has been served with a copy of the complaint. Thus, it is not a "party" to this case.

An entry of default or default judgment against the DEA is not warranted because the DEA has not "failed to plead or otherwise defend." Review of the record shows that the DEA has filed a motion to dismiss or for summary judgment (Doc. 25), a reply memorandum in support of its motion (Doc. 37), as well as memoranda in opposition to plaintiff's requests for miscellaneous relief (*see* Docs. 40, 42, 44).

Accordingly, the motions for entry of default and default judgment (Docs. 28, 34) should be denied.

### III. THE STATE OF OHIO'S MOTION TO DISMISS

The State of Ohio contends that the claims against it should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 18.)

On consideration of a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citations omitted); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Because plaintiff brings this case *pro se*, the Court liberally construes his allegations in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers). Moreover, "[a] *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The State of Ohio argues that claims against it are barred because it is not a

"person" amenable to suit under 42 U.S.C. § 1983 and because it is immune from suit for money damages under the Eleventh Amendment. Its arguments are well-taken.

To state a claim for relief under § 1983, plaintiff must allege facts showing that he was deprived of some right secured by the Constitution or laws of the United States by a person acting under color of state law. *See Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). It is well established that a State is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek money damages against a State for alleged deprivations of civil liberties." *Id.*; *see also Edelman v. Jordan*, 415 U.S. 651 (1974).

Thus, it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim against the State of Ohio. Accordingly, the State of Ohio's motion to dismiss (Doc. 18) should be granted.

**IV.  MOTIONS FOR SUMMARY JUDGMENT**

Both the Hamilton Police Commission and the DEA have filed motions for summary judgment. (Docs. 23, 25.) In opposition to the motions, plaintiff requests, in part, that ruling be stayed pending further discovery. (*See* Doc. 26.)

*A. Standard of Review*

A motion for summary judgment should be granted if the evidence submitted to

the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub nom. Superior Roll Forming Co. v. Interroyal Corp*, 494 U.S. 1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to

defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

    *B.  Plaintiff's Request for a Stay*

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The court, however, need not grant a continuance (or stay) pending the completion of discovery absent a showing by the party opposing a motion for summary judgment of "what material facts it hopes to uncover." *See United States v. Dairy Farmers of America, Inc.*, 426 F.3d 850, 863 (6th Cir. 2005) (citing *Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). Moreover, the court need not grant a continuance where plaintiff failed to accompany his request with the affidavit required by Rule 56(f). *See Dairy Farmers*, 426 F. 3d at 863; *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) ("In the absence of a sufficient affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery.").

Plaintiff did not file an affidavit as required by Rule 56(f) and has not shown what material facts he hopes to uncover. He asserts simply that genuine issues of material fact remain regarding whether this action is controlled by a two-year statute of limitations, as argued by defendants, and regarding the extent of involvement by the Hamilton Police Department. (*See* Doc. 26 at 2.) Plaintiff's conclusory assertion is insufficient to warrant a continuance or stay of the motions for summary judgment.

*C. Hamilton Police Commission's Motion for Summary Judgment*

The Hamilton Police Commission is entitled to judgment as a matter of law.

Undisputed evidence shows that, pursuant to a state search warrant, the Middletown Police Department (not the Hamilton Police Department) conducted a search of plaintiff's residence, 1310 Baltimore Avenue in Middletown, Ohio, on November 24, 1998, and seized $38,310.00 in cash. (Doc. 37-2 at 4.) The seizure of the cash was adopted by the DEA on December 2, 1998. (*Id.* at 2, ¶ 5.)

To prevail on his claim under § 1983, plaintiff must present evidence to show that he was deprived of a protected right by a person acting under color of state law. *See Gray v. City of Detroit*, 399 F.2d 612, 615 (6th Cir. 2005).

Plaintiff has failed to do so. He has presented no evidence of, nor has he even alleged, any conduct by a member of the Hamilton Police Commission (or the Hamilton Police Department) relating to the search, seizure, or forfeiture of the cash. Evidence filed in support of the motion for summary judgment conclusively establishes that "the

-10-

Hamilton Police Department never had possession of the money" and "never had control over any of the funds allegedly confiscated" from plaintiff's residence. (*See* Doc. 23-2 at ¶¶ 6-7.) The Hamilton Police Department's involvement, as evidenced in the record, was limited to answering a request by plaintiff for information about the money in December 2002. (*See id.*) Plaintiff's unsigned affidavit providing that "Hamilton Police Department held me in their custody, prosecuted the case and transported me from the Middletown Police Department authorities to their detention facility" (Doc. 33 at 18) is insufficient to create a genuine issue of material fact that it had custody or control of the seized cash.

The Hamilton Police Commission also is entitled to judgment as a matter of law because no such entity exists. (*See* Doc. 23-2 at ¶ 9.) Moreover, the Sixth Circuit has determined that a city police department is not an entity subject to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

Finally, the Hamilton Police Commission is entitled to judgment as a matter of law because plaintiff's claims against it are barred by the two-year statute of limitations applicable to § 1983 claims brought in Ohio. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (*en banc*).

The money now claimed by plaintiff was seized in November 1998, more than seven years ago. (*See* Doc. 37-2 at 4.) The Hamilton Police Department answered his

request for information in December 2002, more than three years ago.  Plaintiff has not alleged any conduct by the Hamilton Police Department within the two-year limitations period.

Accordingly, the Hamilton Police Commission's motion for summary judgment (Doc. 23) should be granted.

*D.  The DEA's Motion for Summary Judgment*

The DEA is also entitled to judgment as a matter of law.

*1.  Jurisdiction*

Before reaching the merits of plaintiff's claims against the DEA, the Court must consider the DEA's jurisdictional challenges.  *See United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998) ("[E]very federal court has a special obligation to consider its own jurisdiction.").

The DEA, an agency of United States government, maintains that is it not subject to suit for monetary damages absent a waiver of sovereign immunity.  *See Dawkins v. United States Drug Enforcement Admin.*, No. 97-1240, 1998 WL 152937, at *1 (6th Cir. Mar. 23, 1998).  It is well established that a waiver of sovereign immunity will be strictly construed in favor of the sovereign.  *United States v. Williams*, 514 U.S. 527, 531 (1995).

Plaintiff argues that the government has waived sovereign immunity under 28 U.S.C. §§ 1331, 1343, and 2401.

There is ample authority that § 1331, the federal question statute, gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, but that it does not constitute a waiver of sovereign immunity." *See Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998). Courts have also found that § 1343, which confers jurisdiction on the district courts over civil rights actions, does not constitute a waiver of sovereign immunity. *See Beale v. Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972); *see also Unimex, Inc. v. United States Dep't of Housing & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) (*per curiam*) ("the United States has not consented to suit under the civil rights statutes").

Thus, to the extent plaintiff seeks an award of damages for the alleged violations of his constitutional rights under the civil rights statute, 42 U.S.C. § 1983, the Court lacks jurisdiction, and plaintiff's claims should be dismissed.

Nonetheless, the federal courts have also determined that jurisdiction is proper in suits against the government, and the DEA in particular, challenging the sufficiency of forfeiture proceedings. *See, e.g.*, *Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (holding that a claim that the DEA failed to comply with its own forfeiture procedures can be construed as a challenge to agency action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702); *see also Ramirez de Sarrazola v. United States Dep't of Justice*, No. 05 CV 337, 2006 WL 1806506, at *3-4 (E.D.N.Y. June 29, 2006).

As a condition to jurisdiction, however, plaintiff must bring his claim within the applicable limitations period. *See Spannaus v. Department of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). A plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action. *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.), *cert. denied*, 498 U.S. 824 (1990).

Thus, whether the Court has jurisdiction over the subject matter of his claims against the DEA depends on whether plaintiff initiated the action within the applicable limitations period.

*2. Statute of Limitations*

Section 2401(a) supplies a six-year statute of limitations for suits challenging the sufficiency of forfeiture proceedings which were commenced prior to August 23, 2000. *See Ramirez de Sarrazola*, 2006 WL 1806506, at *3-4.[3] The evidence shows that the forfeiture at issue in this case was completed on March 26, 1999. (*See* Doc. 25-11.)

The six-year period runs from when the "right of action first accrues." 28 U.S.C. § 2401(a.) The Sixth Circuit has held that a claim based on an allegedly fraudulent forfeiture accrues when the plaintiff discovered or had reason to discover that his

---

[3] The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981 *et seq*., was enacted on April 23, 2000, and applies to all forfeiture proceedings on or after August 23, 2000. *See United States v. One 1996 Vector M12*, No. 1:03-CV-00740, 2005 WL 3263325, at *4 n.2 (S.D. Ohio Dec. 1, 2005); *see also Guzman v. United States*, No. 05 Civ. 4902, 2005 WL 2757544, at *1 (S.D.N.Y. Oct. 24, 2005) ("forfeiture proceedings completed before August 23, 2000 are not covered by CAFRA"). CAFRA provides a five-year limitations period. *See* 18 U.S.C. § 983(e).

property allegedly had been fraudulently forfeited. *See Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (citing *Polanco*, 158 F.3d at 654). The *Polanco* court determined that accrual began at the date the petitioner "discovered or had reason to discover that his property had been forfeited without sufficient notice." 158 F.3d at 654.

The evidence in this case shows that the initial Notice of Seizure was sent to plaintiff's residence on January 28, 1999. (Doc. 25-6, 25-7). The Declaration of Forfeiture was issued on March 26, 1999. (Doc, 25-11.) Even when using the earliest of these dates, it is clear that the complaint, filed January 10, 1005, was timely.

Accordingly, the undersigned concludes that subject matter jurisdiction is proper and that plaintiff's claims against the DEA are not barred by the statute of limitations.

    *3.    The Merits of Plaintiff's Due Process Claim*

Plaintiff claims that he should be awarded monetary damages "in excess of the cash" – or, alternatively, that the forfeiture should be set aside (*see* Doc. 41) – because "Defendants failed to provide adequate notice prior to or after the conversion of [the] $38,310.00 cash." (*See* Doc. 1-1 at ¶¶ 1, 10-11.) Plaintiff's claim lacks merit.

The DEA has produced evidence that an initial notice of seizure was sent to plaintiff's residence by certified mail on January 28, 1999, but that it was returned unclaimed. (*See* Doc. 25-7.) Subsequently, the DEA caused notices of the forfeiture proceeding to be published in the USA Today for three successive weeks on February 17, February 24, and March 3, 1999. (*See* Docs. 25-8, 25-9 at 2, 21-10.)

The Supreme Court has found that such notice comports with the requirements of the Fifth Amendment's Due Process Clause. *See Dusenbery v. United States*, 534 U.S. 161, 171 (2002). Actual notice of the forfeiture proceeding is not required. *Id.*

Moreover, notice is not required either prior to a seizure or before confiscated funds are transferred from a state agency to the DEA. *Madewell v. Downs*, 68 F.3d 1030, 1039 (8th Cir. 1995).

In sum, the DEA is entitled to summary judgment with respect to plaintiff's due process claim based on alleged lack of notice.

　　　　4.　　　*Estoppel*

The DEA further argues that the doctrine of collateral estoppel bars plaintiff from challenging the validity of the forfeiture on grounds that he is an innocent owner or that probable cause is lacking for the forfeiture. *See United States v. Real Property Known and Numbered as 415 East Mitchell Avenue*, 149 F.3d 472, 476 (6th Cir. 1998), *United States v. Three Tracts of Property*, 994 F.2d 287, 290 (6th Cir. 1993). *See also United States v. McCall*, No. 97-3397, 1999 WL 618059, at *2 (6th Cir. Aug. 5, 1999).

The Sixth Circuit has determined that the doctrine of collateral estoppel applies where: (1) the issue in the prior proceeding must have been identical to the issue asserted in the current matter; (2) the issue must have been actually litigated; (3) it must have been necessary and essential to the judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the

issue in the prior proceedings. *See Three Tracts of Property*, 994 F.2d at 290.

Here, the undisputed evidence in the record shows that during plaintiff's change of plea proceeding on federal drug charges, plaintiff admitted that the currency taken from his home on November 24, 1998 was the proceeds of prior narcotics trafficking. (*See* Doc. 25-17 at 7-8.)

Accordingly, plaintiff cannot now challenge the forfeiture proceeding.

5.      *In rem jurisdiction of the Butler County Court of Common Pleas*

The DEA also contends that it was not bound by the Order of the Butler County Court of Common Pleas, which directed that the cash be returned to plaintiff. (*See* Doc. 1-2). The DEA correctly notes that at the time the Order was issued, July 14, 1999, the state court lacked *in rem* jurisdiction over the funds.

The evidence in the record shows that $38,310.00 in cash was seized by the Middletown Police Department on November 24, 1998 (Doc. 37-2 at 4), and that the seizure was adopted by the DEA on December 2, 1998. (*Id.* at 2, ¶ 5.)

A federal agency's adoption of a seizure has the same effect as if the federal agency had originally seized the property on the date it was seized by local authorities. *Madewell*, 68 F.3d at 1039. Moreover, the adoption is not constitutionally tainted even in cases where either the seizure by local authorities or subsequent transfer to the federal agency was not authorized by state law. *See id.* at 1038-39.

### V. PLAINTIFF'S MOTION TO VOID FORFEITURE

Plaintiff also has filed a motion to void the forfeiture. (Doc. 41). As grounds for the motion, plaintiff reasserts that notice of the forfeiture proceeding was insufficient and that neither the seizure of the cash nor the transfer to the DEA were authorized by law. The motion should be construed as a cross-motion for summary judgment and denied.

Plaintiff cannot show that under the substantive law governing his claims that he is entitled to judgment as a matter of law.

### VI. PLAINTIFF'S MOTIONS TO COMPEL

Finally, given the recommendation that the defendants' dispositive motions should be granted, plaintiff's motions to compel (Docs. 30 & 43) should be denied as moot.

### VII. CONCLUSION

Plaintiff's claims against the State of Ohio are barred by the Eleventh Amendment and because it is not a "person" for purposes of 42 U.S.C. § 1983.

Plaintiff's claims against the Hamilton Police Commission should be dismissed because he has failed to produce any evidence to show that the Hamilton Police Department had any involvement in the seizure and transfer of the cash; because the Hamilton Police Commission is not a entity capable of being sued; and because plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff's claim for monetary damages against the DEA for alleged violations of his civil rights is barred by the doctrine of sovereign immunity. Plaintiff's challenge to the sufficiency of notice of the forfeiture proceedings lacks merit, and his challenge to the validity of the forfeiture is barred by the doctrine of collateral estoppel.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant State of Ohio's motion to dismiss (Doc. 18) be **GRANTED**;

2. Defendant Hamilton Police Commission's motion for summary judgment (Doc. 23) be **GRANTED**;

3. Defendant DEA's motion to dismiss or for summary judgment (Doc. 25) be construed as a motion for summary judgment and **GRANTED**;

4. Plaintiff's motion for leave to amend (Doc. 39) be **DENIED**;

5. Plaintiff's motion to void the forfeiture (Doc. 41) be construed as a cross-motion for summary judgment and **DENIED**;

6. All remaining motions (Docs. 30, 43) be **DENIED** as moot; and

7. This case be **CLOSED**.

**IT IS FURTHER RECOMMENDED THAT** the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 8/11/06      s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MCCOY WRIGHT, III, | : | Case No. 1:05-cv-18 |
| Plaintiff, | : | Weber, J. |
| vs. | : | Black, M.J. |
| STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).