UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MCCOY WRIGHT, III, | : | Case No. 1:05-cv-18 |
| | : | |
| Plaintiff, | : | Weber, J. |
| vs. | : | Black, M.J. |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: PLAINTIFF'S MOTION FOR RETURN OF PROPERTY (Doc. 54) BE CONSTRUED AS A MOTION FOR RECONSIDERATION UNDER RULE 60, AND BE DENIED.**

This civil action is before the Court on plaintiff's "Motion Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fifth Amendment of the Constitution Challenging the District Court's *In Rem* Jurisdiction" (Doc. 54) and defendants' memorandum *contra* (Doc. 55). The motion seeks to re-litigate issues previously determined and adjudicated by this Court.

**I.**

Plaintiff Wright commenced this lawsuit by the filing of a complaint on January 10, 2005. (Doc. 1). Plaintiff sought the return of $38,310 in drug money that had seen been seized from his residence in Middletown, Ohio by the Middletown Police Department on November 24, 1998 during the execution of a state search warrant.

On December 2, 1998, the DEA adopted the seizure of the $38,310 by the Middletown Police Department. (*See* Doc. 51). The DEA commenced procedures for the administrative forfeiture of the seized drug money on January 28, 1999. (*Id.*) The DEA Asset Forfeiture Office, by Declaration of Forfeiture issued on March 26, 1999, determined that there was sufficient probable cause to support the forfeiture of the $38,310 to the United States and declared the money forfeited to the United States. (*Id.*).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff Wright contended, *inter alia*, that the adoptive forfeiture was improper because the Butler County Court of Common Pleas had *in rem* jurisdiction over the $38,310 on July 14, 1999 when it directed the Middletown Police Department to return the seized drug money to Plaintiff Wright.

By Report and Recommendation dated August 11, 2006, the undersigned recommended that Plaintiff Wright's lawsuit be dismissed. (Doc. 46). By Order dated September 29, 2006, this Court adopted the pending Report and Recommendation in this entirety. (Doc. 51). The Court certified, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of the Order would not be taken in good faith. (*Id.*). Also on September 29, 2006, the Court entered final judgment in favor of the DEA and the other defendants. (Doc. 52).

Notwithstanding this Court's certification concerning appeal, Plaintiff Wright filed a notice of appeal on December 4, 2006. (Doc. 53). The United States Court of Appeals for the Sixth Circuit, by order dated March 13, 2007, dismissed the appeal as untimely. (Doc. 56). Additionally, by order dated April 11, 2007, the Sixth Circuit denied Plaintiff Wright's motion to reinstate his appeal. (Doc. 57).

In the present motion, Plaintiff Wright again challenges the propriety of the DEA's adoptive forfeiture by attempting to re-litigate the issue of whether the Butler County Court of Common Pleas had *in rem* jurisdiction over the $38,310 on July 14, 1999 when it issued an order directing the Middletown Police Department to return the seized money to Plaintiff Wright.

Upon careful review, Plaintiff's motion will be construed as a motion seeking relief from a final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff's motion, however, is not well-taken.

**II**.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). Plaintiff has not alleged any facts or cited any legal authority which suggest that reconsideration of the Court's Order of dismissal is warranted. Plaintiff has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's Order of dismissal is warranted

As noted by Defendants, (1) there was no mistake, inadvertence, surprise or

excusable neglect; (2) there is no newly discovered evidence; (3) there was no fraud, misrepresentation or other misconduct by the DEA; (4) the judgment of September 29, 2006 is not void; (5) there is no issue as to the judgment of September 29, 2006 being satisfied, released or discharged; (6) the judgment of September 29, 2006 is not based upon another judgment that now has been reversed or vacated; (7) there is nothing inequitable about the judgment of September 29, 2006 continuing to have prospective applicable; and (8) there is no other reason justifying relief from the operation of the judgment of September 29, 2006.

Accordingly, it is therefore **RECOMMENDED** that Plaintiff's motion for reconsideration (Doc. 54) should be **DENIED**.[2]

Date: February 23, 2009        s/Timothy S. Black
       Timothy S. Black
       United States Magistrate Judge

---

[2] Additionally, the undersigned agrees with defendants that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. *See Knox County Education Association v. Knox County Board of Education,* 158 F.3d 361, 376 (6th Cir. 1998)(citing *Richards v. Jefferson County Alabama*, 517 U.S. 793, 797 fn. 4 (1996) (doctrine of res judicata prevents the re-litigation of claims that were actually litigated to final judgment in a prior lawsuit and claims that could have been litigated in the prior lawsuit); *see also United States v. Mendoza*, 464 U.S.154, 158 (1984) (doctrine of collateral estoppel provides that, once a court has decided an issue of law or fact that is necessary to its judgment, that issue cannot be re-litigated by the same parties to that action or their privies).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MCCOY WRIGHT, III, | : | Case No. 1:05-cv-18 |
| Plaintiff, | : | Weber, J. |
| vs. | : | Black, M.J. |
| STATE OF OHIO, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).