UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MCCOY WRIGHT, III,  :
:   NO. 1:05-CV-00018
   Plaintiff,  :
:   **OPINION AND ORDER**
:
  v.  :
:
:
STATE OF OHIO, et al.,  :
:
   Defendants.  :
:
:

This matter is before the Court on the Magistrate Judge's Report and Recommendation that Plaintiff's Motion for Return of Property (doc. 54) be construed as a motion for reconsideration under Rule 60, and be denied (doc. 58); and Plaintiff's objection thereto (doc. 60). For the reasons stated herein, the Court ADOPTS the Report and Recommendation in its entirety (doc. 58).

**I. Background**

In January 2005, Plaintiff McCoy Wright, III initiated this civil action against various state and federal authorities, including the State of Ohio, the Hamilton Police Commission, and the Drug Enforcement Administration ("DEA") (doc. 1). Plaintiff alleged that Defendants violated his property rights and rights of due process by depriving him of a sum of money, $38,310, which was confiscated from his residence during the November 24, 1998

execution of a state search warrant (Id.).

On December 2, 1998, the DEA adopted the seizure of the money, and on January 28, 1999, the DEA commenced procedures for the administrative forfeiture of the seized money (Id.). On March 26, 1999, the DEA Asset Forfeiture Office, by declaration of Forfeiture, determined there was sufficient probable cause to support the forfeiture and declared the money forfeited to the United States (Id.).

On July 14, 1999, the Butler County Court of Common Pleas directed the Middletown Police Department to return the $38,310 to Plaintiff (doc. 51). Plaintiff argued the money must be returned because the Butler County Court of Common Pleas had in rem jurisdiction over the seized money, and thus, the DEA's adoptive forfeiture was improper (Id.).

On September 29, 2006, the Court adopted the pending Report and Recommendation, dismissed Plaintiff's lawsuit in its entirety, and found that an appeal of the Order would not be taken in good faith (doc. 51). Plaintiff appealed the Court's Order on December 4, 2006, which the Court of Appeals dismissed as untimely on December 10, 2008 (doc. 56).

On October 17, 2007, Plaintiff filed the instant "Motion Pursuant to the Rule 12(h)(3) Federal Rules of Civil Procedure and the Due Process Clause of the Fifth Amendment of the Constitution Challenging the District Court's In Rem Jurisdiction by Plaintiff

McCoy Wright, III" (doc. 54).  In that motion, Plaintiff "again challenges the propriety of the DEA's adoptive forfeiture by attempting to re-litigate the issue of whether the Butler County Court of Common Pleas had in rem jurisdiction over the $38,310 on July 14, 1999 when it issued an order directing the Middletown Police Department to return the seized money to Plaintiff Wright" (doc. 58).

**II. Discussion**

In the Report and Recommendation, the Magistrate Judge reviewed Plaintiff's motion, construed it as a motion seeking relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and found Plaintiff's motion not-well taken (Id.).  The Magistrate Judge noted that as a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to parties; or (3) intervening authority" (Id., quoting Meekison v. Ohio Dept. Of Rehabilitation and Correction, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (internal citations omitted)).  Using this standard, the Magistrate Judge found that Plaintiff had not alleged any facts or cited any legal authority which would warrant reconsideration of the Court's order of dismissal (Id.).

Plaintiff objects to the Magistrate Judge's Report and Recommendation, restating his argument that the DEA's seizure of

the money was improper (doc. 60). Further, Plaintiff, apparently in reference to the timing of his appeal, contends "[t]he government provided forms for the appointment of court attorney. The Defendant was under the notion that he would have at least been notified either way. Due to the lack of response, the Defendant was untimely" (Id.).

The Court finds Plaintiff's objection without merit. In his objection, Plaintiff does not introduce any evidence or case law to support his request for reconsideration. Plaintiff's reference to the untimeliness of his appeal does not have any bearing on the Court's decision to reconsider its Order dismissing Plaintiff's claims. Therefore, the Court finds that reconsideration is unwarranted because, as the Magistrate Judge stated:

> (1) there was no mistake, inadvertence, surprise or excusable neglect; (2) there is no newly discovered evidence; (3) there was no fraud, misrepresentation or other misconduct by the DEA; (4) the judgment of September 29, 2006 is not void; (5) there is no issue as to the judgment of September 29, 2006 being satisfied, released or discharged; (6) the judgment of September 29, 2006 is not based upon another judgment that now has been reversed or vacated; (7) there is nothing inequitable about the judgment of September 29, 2006 continuing to have perspective applicable; and (8) there is no other reason justifying relief from the operation of the judgment of September 29, 2006 (doc. 58).

**III. Conclusion**

In conclusion, having reviewed this matter de novo

pursuant to 28 U.S.C. 636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 58) and thereby DENIES Plaintiff's Motion for Reconsideration (doc. 54).

       SO ORDERED.


Dated: August 5, 2009        <u>/s/ S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge